Sara Khosroabadi, Esq. (SBN: 299642)
sara@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:         (619) 233-7770
Office Fax Number:     (619) 297-1022

Attorneys for Christine Santucci

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Christine Santucci,**<br><br>                    **Plaintiff,**<br>v.<br><br>**GCFS, Inc., a California corporation,**<br><br>                    **Defendant.** | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

**Complaint**                                - 1 of 10 -

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Christine Santucci, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of GCFS, Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

///

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

8. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

11. Because Defendant does business within the State of California, personal jurisdiction is established.

12. Plaintiff is a natural person who resides in the City of Montrose, County of Los Angeles, State of California.

13. Plaintiff resides in Los Angeles County, as defined by 28 U.S.C. § 1391(c)(1), the judicial district in which this lawsuit is brought.

14. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Defendant tried to collect the alleged debt owed, Plaintiff was physically located in the City of Montrose, County of Los Angeles, State of California.

///

15. Because Plaintiff resided in Montrose, County of Los Angeles at the time Defendant tried to collect on the alleged debt owed, and Plaintiff still resides in Montrose, County of Los Angeles, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

16. At all times relevant, Defendant conducted business within the State of California, thus venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

17. Plaintiff is a natural person who resides in the City of Montrose, State of California.

18. Defendant is located in the City of Paso Robles, in the State of California.

19. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

20. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

21. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

22. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

23. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer

credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

24. Sometime before January 17, 2013, Plaintiff is alleged to have incurred certain financial obligations for a personal line of credit from Wells Fargo Bank, N.A. (hereinafter "Wells Fargo").

25. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

26. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

27. The interest rate contractually applied to the alleged debts by Wells Fargo was 7.65% as stated by Wells Fargo in billing statements dated from September 28, 2012, to October 28, 2012, and from March 29, 2012, to April 27, 2012.

28. Sometime thereafter, but before January 17, 2013, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

29. Subsequently, but before January 17, 2013, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

///
///
///
///
///

*DEFENDANT'S ATTEMPTS TO COLLECT UPON THE ALLEGED DEBT*

30. On or about July 28, 2014, Defendant sent Plaintiff a dunning letter. Shortly thereafter Plaintiff received that letter.

31. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

32. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

33. In the letter dated July 28, 2014, Defendant claimed the current balance of the alleged debt was $16,470.55.

34. Defendant, in the letter dated July 28, 2014, failed to indicate interest had been calculated and added to a principal amount, failed to disclose that interest would continue to accrue on unpaid principal, and failed to state that the total amount stated due was not due at any time, but subject to periodic adjustment. These omissions made the overall notice potentially misleading as the Plaintiff could readily conclude the Defendant's statement of a total amount stated due was due at any time, when in fact it was not and was subject to adjustment on a periodic basis.

35. This omission by Defendant violated 15 U.S.C. § 1692g(a)(1) and because this conduct violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

36. Through this conduct, Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10) and Cal. Civ. Code § 1788.17.

///

///

*DEFENDANT'S LAWSUIT TO COLLECT UPON THE ALLEGED DEBT*

37. On or about August 19, 2014, Defendant filed *GCFS, Inc. a California corporation, v. Christine Santucci* in California Superior Court, case no. 14A20034.

38. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

39. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

40. In the Complaint for the above mentioned action, Defendant claimed to be owed interest at the rate of "10.00 percent per year from ... 12-24-12."

41. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A) and Cal. Civ. Code § 1788.17.

42. Through this conduct, Defendant used false representations or deceptive means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10) and Cal. Civ. Code § 1788.17.

43. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1) and Cal. Civ. Code § 1788.17.

44. On or about February 2, 2015, Defendant propounded discovery upon Plaintiff, including Requests for Admission. In the Requests for Admission, knowing they had claimed a higher interest rate than was contractually allowed, Defendant sought to get Plaintiff to admit that "BANK and its successors in interest can charge 10.00 percent interest per annum on damages caused by a breach of contract of the AGREEMENT."

45. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A) and Cal. Civ. Code § 1788.17.

46. Through this conduct, Defendant used false representations or deceptive means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10) and Cal. Civ. Code § 1788.17.

47. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1) and Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION
## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## 15 U.S.C. §§ 1692 *ET SEQ*.

48. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

49. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

50. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

51. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

52. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

53. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

///
///
///

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: July 24, 2015         By:<u>s/ Sara Khosroabadi</u>
                                Sara Khosroabadi
                                Attorneys for Plaintiff